## MAYER GREENBERG v. C. E. VAN DUZEE.[1]

January 30, 1914.

Nos. 18,310—(204).

**Action upon note — question for jury.**
    1. In an action on a promissory note guaranteed by one of the defendants, it is *held* that the only question for submission to the jury was whether the defendant knew that one of the makers had been or was to be released from liability upon it; and that the evidence justifies the jury's finding that he did.
**Same.**
    2. There were no errors affecting the issue submitted to the jury.

Action in the district court for Hennepin county against K. Copilovitch and C. E. Van Duzee to recover $1,000 upon a promissory note. The facts are stated in the opinion. The case was tried before Hale, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying his motion for a new trial, defendant Van Duzee appealed. Affirmed.

[1] Reported in 145 N. W. 124.

*Trafford N. Jayne,* for appellant.
*Gustavus Loevinger* and *Louis L. Schwartz,* for respondent.

DIBELL, C.

Action on a promissory note against Copilovitch as maker and Van Duzee as guarantor. Verdict for the plaintiff against both. Van Duzee appeals. Copilovitch answered but does not appeal.

1. In July, 1910, the defendant Copilovitch and one Herman Greenberg, a son of the plaintiff, bought a moving picture show of a partnership of which the defendant Van Duzee was a member, for $1,500, paying $500 in cash, and giving their note for $1,000 due in a few days. They borrowed $1,000 from the plaintiff to pay this note, giving him a note and chattel mortgage. In January, 1911, they were in default and the mortgage was subject to foreclosure. Copilovitch purchased the interest of Herman Greenberg, and the plaintiff released the latter from liability on the note, and extended the time of payment to January 1, 1912. Van Duzee guaranteed the payment of any amount which should remain unpaid on the note on January 1, 1912.

The court submitted to the jury, as the only issue in the case, whether Van Duzee knew that Herman Greenberg had been or was to be released, charging that if he did he was liable, and that otherwise was not. The evidence made no other issue. It did not sustain a charge of fraud. The defendant complains of the guarantee only because of a lack of consideration. There was a consideration as a matter of law and the court properly so charged.

The jury found that Van Duzee knew of the release of Herman Greenberg. The evidence was in dispute but sufficient to justify the finding.

2. Errors are claimed in rulings on evidence. An examination shows that all rulings, as to which errors can properly be suggested, were directed to issues which were properly taken from the jury, such as the charges of fraud and the claim as to consideration, or bore upon the liability of Copilovitch which was dependent upon different considerations than that of Van Duzee. We find no errors in rulings on evidence bearing upon the one issue submitted to the jury. The

questions raised are not of such value as to justify a discussion at length.

Order affirmed.